IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHASE ERGONOMICS, INC.,

           Plaintiff,

vs.                                        CIVIL NO.   12-847 WPL/LFG

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

           Defendant.

## ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE

THIS MATTER is before the Court on Plaintiff Chase Ergonomics, Inc.'s ("Chase") Motion to Compel [Doc. 34]. The Court considered the motion, Response in opposition [Doc. 38] and Reply [Doc. 39]. For the reasons hereafter stated, the Motion to Compel is denied without prejudice.

### Background

Chase alleges that Defendant Travelers Property Casualty Company of America ("Travelers") breached an insurance contract by not defending or indemnifying Chase on various claims made against it in a lawsuit in Massachusetts ("Sullivans' litigation"). Chase further contends that as a consequence of the alleged breach of the duty to defend and/or indemnify, it is entitled to recover costs and fees incurred in the defense and settlement of the Sullivans' litigation. Chase also asserts that Travelers' breach of contract was unreasonable and, therefore, Chase is entitled to recover attorney fees under N.M.S.A. 1978, § 39-2-1, together with prejudgment and post-judgment interest, N.M.S.A. 1978, § 56-8-3 and/or § 56-8-4. [Docs. 1 (Complaint); Doc. 17 (JSR).]

On the other hand, Travelers contends that policies issued by Travelers Property Casualty Company and St. Paul Fire & Marine Company did not provide coverage for the claims made against Chase by the Sullivans. [Doc. 17, at 3.] Travelers contends that those claims arose entirely out of Sullivans' claims that Chase Ergonomics infringed on Sullivans' trademark, "Rocket." Because Sullivans' complaint alleged trademark infringement and the facts known to Travelers showed that Sullivans' claims arose solely and exclusively out of trademark infringement, Chase asserts that there was neither coverage nor potential for coverage for the claims. [Id.]

## Present Motion

During formal discovery, Chase served Requests for Production of documents, and the present motion concerns responses to Request Nos. 1 and 5.

In Request for Production No. 1, Chase sought:

> Each document that pertains to Travelers' review of Plaintiff's right to receive a defense or indemnity with respect to the action filed against it in Sullivan, Inc. v. Chase Ergonomics, et al., Cause No. 1N-cv-11206 in the United States District Court for the District of Massachusetts . . . .

Travelers objected on various grounds, including the assertion of work product and attorney-client privilege. Travelers stated it would produce documents submitted to it or that it obtained that provided information about the Sullivans' claims and the underlying factual allegations and issues. Travelers refused to produce documents pertaining to its thought processes, decision-making, evaluations and consultations. [Doc. 34, Ex. A.]

In Request for Production No. 5, Chase sought Travelers' entire claims file concerning the Plaintiff. In response to this Request, some documents were made available, but Travelers refused to provide others, asserting objections similar to those listed above. [Doc. 34, Ex. A, at 3.] Chase argues that it needs this information to fully assess the strength and weakness of the case prior to

2

an upcoming settlement conference.  It was necessary for Chase to file the Motion to Compel to come within the time constraints of D.N.M.LR-Civ. 26.6.  Thus, the motion is timely filed

### Present Status of Litigation

Both Chase and Travelers filed cross-motions for summary judgment.  The motions are fully briefed and awaiting the Court's ruling.  A dispositive a ruling by the Court on these motions will either result in the case being dismissed or kept alive.  If dismissed, this present motion is moot.  If the litigation continues, the Court can address the motion at a later date.

Since the adoption of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*, the Court is prompted to conserve resources of the parties and the Court, and to expedite the disposition of litigation.  In every action taken by the Court, it should consider the impact of its action on the parties' costs and fees, as well as the preservation of judicial resources.  Here, as noted above, the Court can address this motion later as needed, and the absence of this information should not significantly impact preparation for a settlement conference.  This ruling is intended to preserve resources of the Court and of the parties, and to resolve the pending motion by denial without prejudice.

In the event the case remains pending following the trial judges ruling on the cross-motions, the parties will be afforded ten days from the issuance of the memorandum opinion to attempt to resolve the motion for discovery, and if not resolved within ten days, an additional ten days will be given for Chase to re-file its motion to compel.  In that event, standard response and reply times will be applicable.

IT IS SO ORDERED.

_____
Lorenzo F. Garcia
United States Magistrate Judge