UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHASE ERGONOMICS, INC.,**
a New Mexico corporation,

    Plaintiff,

                                                                  No. 1:12-cv-00847 WPL/LFG

v.

**TRAVELERS PROPERTY CASUALTY**
**COMPANY OF AMERICA,**

    Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT'S DUTY TO DEFEND AND DENYING TRAVELERS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

        This matter came before the Court on Plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Duty to Defend (Doc. 9) and Travelers' Cross-Motion for Partial Summary Judgment (Doc. 29). The Court has reviewed the Motions, the Responses (Docs. 22 and 33), the Replies (Docs. 23 and 36), and the relevant law, and concludes that Plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Duty to Defend (Doc. 9) shall be GRANTED. In accordance with the analysis provided here, Travelers' Cross-Motion for Partial Summary Judgment (Doc. 29) shall be DENIED as moot.

### PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT'S DUTY TO DEFEND (DOC. 9)

### UNDISPUTED MATERIAL FACTS

        The facts are not in dispute. Travelers has not controverted any of Chase's facts in the Motion, nor has Chase controverted any of the facts offered by Travelers in the Response. According to District of New Mexico Local Rule 56.1(b), facts not specifically controverted will

be deemed admitted.  Therefore, the facts recited here from the Motion (Doc. 9) and Response (Doc. 22) are undisputed.

1. Attached as Exhibit 3 to Chase Ergonomics' Complaint is a copy of the Complaint filed by Sullivans Inc. against Chase Ergonomics in the United States District Court for the District of Massachusetts, Cause No. 1:10-cv-11206-DPW (the "Sullivans Litigation"). Complaint at ¶ 4, Answer at ¶ 4 (Complaint by Sullivans against Chase is Doc. 1-2).

2. Attached as Exhibit 1 to Chase Ergonomic's Complaint is a copy of relevant portions of Travelers Policy No. 630-7853N253-TIL-09, issued by Travelers to Chase Ergonomics.  Complaint at ¶ 2, Answer at ¶ 2.  (Travelers Policy is Doc. 1-2).

3. Chase Ergonomics delivered a copy of the Complaint in the Sullivans Litigation to Travelers, but on August 20, 2010, Travelers denied Chase Ergononic's request for a defense in the Sullivans Litigation.  Complaint at ¶ 5, Answer at ¶ 5.  See Exhibit "2" to Affidavit of David Chase filed on June 27, 2012.  (Doc. 5-1).

4. On August 30, 2010, a representative of Manuel Lujan Agencies sent an e-mail to Travelers providing Travelers with additional information regarding the nature of the claim being asserted, and attaching photographs depicting the Chase Ergonomics motorcycle gloves at issue. Affidavit of Nancy Law, filed June 27, 2012. (Doc. 5-1 at 41).

5. On November 29, 2010, Chase Ergonomics' attorney wrote to Travelers asking that Travelers reconsider its refusal to defend or indemnify Chase Ergonomics in the Sullivans Litigation.  A copy of that letter is attached as Exhibit "1" to the Affidavit of Deborah Peacock filed on July 17, 2012. (Doc. 5-1 at 52).

6. On or about March 21, 2011, Chase Ergonomics' attorney again wrote to Travelers, asking that Travelers reconsider its refusal to defend or indemnify Chase Ergonomics

in the Sullivans Litigation. A copy of that letter is attached as Exhibit "2" to the Peacock Affidavit. (Doc. 5-1 at 50).

7. On March 30, 2011, Travelers wrote to Ms. Peacock, responding to her March 21, 2011 letter. A copy of that response is attached as Exhibit "3" to the Peacock Affidavit. (Doc. 5-1 at 60).

8. Attached as Exhibits "2" and "3" to the Chase Affidavit and Exhibits "2", "3", "4" and 5" to the Law Affidavit are photographs depicting the motorcycle gloves which were the subject of the Sullivans Litigation, together with the labeling and packaging associated with those motorcycle gloves. The photographs attached to Ms. Law's Affidavit were sent to Travelers by Ms. Law on or about August 30, 2010. Chase Affidavit at ¶ 3; Law Affidavit at ¶¶ 3 and 4. (Doc. 5-1).

9. Sullivans, Inc.'s underlying Complaint against Chase contained three causes of action, which were labeled as: First Cause of Action Trademark Infringement (15 U.S.C. 1114)(Against All Defendants); Second Cause of Action False Designation of Origin (15 U.S.C. 1125(a))(Against All Defendants); and Third Cause of Action Common Law Trademark Infringement (Against All Defendants). See Ex. 3 to Chase Complaint against Travelers, (Doc. 1-2).

10. Sullivans' underlying Complaint alleges that Sullivans owned a trademark registration for the mark ROCKET and that Chase's use of the mark ROCKET infringed on Sullivans' trademark. See Ex. 3 to Chase Complaint against Travelers (Doc. 1-2).

11. Sullivans' Complaint does not allege, and there are no facts to suggest that the Chase gloves were similar to the Sullivans' gloves in appearance, image, size, shape, design or color. See Ex. 3 to Chase Complaint against Travelers (Doc. 1-2).

12.     Chase did not use the mark ROCKET in any manner or fashion except in the name of its Street Rocket version of motorcycle gloves. See Ex. 3 to Chase Complaint against Travelers, Doc. 1-2; Peacock letters, attached as Exs. 1 and 2 to Affidavit of Peacock, (Doc. 5-1 at 50).

13.     Sullivans alleged that Chase received the benefit of Sullivans' good will by using the unique and distinctive mark ROCKET. See Ex. 3 to Chase Complaint against Travelers, (Doc. 1-2).

14.     Sullivans' underlying Complaint does not allege that Chase's Street Rocket gloves were of inferior quality or that Chase made any false representations about or disparaged Sullivans' products.  See Ex. 3 to Chase Complaint against Travelers (Doc. 1-2).

## LEGAL STANDARD

## SUMMARY JUDGMENT & DUTY TO DEFEND

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed R. Civ. P. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing that there is an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial; the nonmoving party may not rest on mere allegations or denials in her own pleadings.  Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986).  In order to avoid summary judgment, the nonmoving party must set forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249.  A mere scintilla of evidence in the nonmovant's favor is not

sufficient to defeat a motion for summary judgment. Id. at 252.  Rather, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. See id. at 249-50 (citation omitted).

As noted above, there are not any genuine issues of material fact in dispute.  Therefore it is appropriate for the Court to apply the law to the undisputed facts in a case regarding an insurance company's duty to defend and to decide the issue on summary judgment.  "The interpretation of an insurance contract is a matter of law about which the court has the final word." Battishill v. Farmers Alliance Inc. Co., 2006-NMSC-004, ¶ 6 (internal citation omitted). Additionally, "the interpretation of an insurance policy and the determination of the policy-dictated rights and obligations are questions of law, appropriate grist for the summary judgment mill."  Merchants Ins. Co. U.S. Fidelity, 143, F.3d 5, 8 (1st Cir. 1998).

The parties are in agreement that New Mexico state substantive law governs the Court's interpretation of the insurance contract (Doc. 22 at 3).

## ANALYSIS

Plaintiff argues four different contractual bases that trigger Traveler's duty to defend Plaintiff against the claims asserted by Sullivans: one, Sullivans asserted a trade dress infringement claim against Plaintiff; two, Sullivans asserted a slogan infringement claim against Plaintiff; three, Sullivan alleged that Chase disparaged Sullivans; and four, Sullivans alleged that Chase misappropriated Sullivans' advertising ideas (Doc. 9).  If there is one claim asserted against the insured that is potentially or arguably within the policy coverage, an insurer has a duty to defend the entire lawsuit. Valley Improvement Association, Inc. v. U.S. Fidelity & Guar. Corp., 129 F.ed 1108, 1116 (10th Cir. N.M. 1997) (noting that it is immaterial that relief not covered by the insurance policy may also be sought).  The Court finds that Travelers did have a

duty to defend Chase against Sullivans' trade dress infringement claim, for reasons explained below.  Because the resolution of the trade dress infringement requires that Travelers defend the entire suit, the Court will exercise judicial restraint and not reach the claims of slogan infringement, disparagement, or misappropriation of advertising ideas.

**Trade Dress Infringement**

**Sullivans' Complaint Against Chase Raised A Claim for Trade Dress**

The Black's Law Dictionary definition of trade dress is, "[t]he overall appearance and image in the marketplace of a product or a commercial enterprise.  For a product, trade dress typically comprises packaging and labeling."  Black's Law Dictionary (9th ed. 2009).  The insurance contract issued by Travelers to Chase uses the term "trade dress" (Doc. 22-1 at 7) but the contract does not define it (Doc. 22-1 at 13-16).

Sullivans' complaint against Chase used some of the same words as the dictionary definition of trade dress.  In general, Sullivans alleged that Chase infringed on its trademark by using the mark or designation "ROCKET" in connection with the promotion and sale of Chase's motorcycle glove products (Doc. 1-2 at 13, paragraphs 1-2).  More specifically, the Sullivans' complaint against Chase (Doc. 1-2 at 20, paragraph 36), alleged that "Sullivans has used the mark ROCKET in connection with its motorcycle-related clothing and to distinguish them from those offered by others, by, among other things, prominently displaying the marks on *labeling, packaging,* promotional materials, advertising, one or more internet web sites and at tradeshows" (italics added).  Sullivans did not use the term "trade dress" in its complaint against Chase for trademark infringement, but the words the Sullivans used in the complaint point to a trade dress claim because the complaint echoes the Black's Law Dictionary definition of trade dress.  The Court finds that the complaint against Chase asserted a claim for trade dress.

**Trade Dress Is Covered By Travelers' Policy Issued To Chase**

The Travelers' policy issued to Chase states in relevant part:

COVERAGE B PERSONAL AND ADVERTISING INJURY

    1.     Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages.  However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply . . ."

(Doc. 22-1 at 6)

The policy defines "Personal and advertising injury."  It means "injury including consequential 'bodily injury,' arising out of one or more of the following offenses: . . .

    g. infringing upon another's copyright, trade dress or slogan in your 'advertisement'.

(Doc. 22-1 at 15).

According to the policy's overall coverage statement for personal and advertising injuries and the policy's definition of personal and advertising injuries, trade dress infringement is specifically covered.  But, as Travelers argues, the policy also excludes "'Personal and Advertising Injury' arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights."  Travelers views Sullivans' complaint as primarily a trademark, not trade dress, infringement case and therefore argues that the trademark exclusion supports Travelers' decision not to defend Chase against Sullivans' claims.

However, there is a large exception to the exclusion: "However, this exclusion does not apply to infringement, in your 'advertisement,' of copyright, trade dress or slogan."  (Doc. 22-1 at 7).  The exception to the exclusion reiterates that trade dress infringement is covered under the

policy. The text of the policy is clear that trade dress is covered in the overall coverage statement and it is listed as an exception to the exclusion, so there does not appear to be any ambiguity. But even if there were an ambiguity in the policy, ambiguities are construed against the insurance company. Phoenix Indem. Ins. Co. v. Pulis, 2000-NMSC-023 ¶ 23.

### Sullivans' Complaint Against Chase for Trade Dress Infringement Triggered Travelers' Contractual Duty to Defend Chase

The duty to defend arises out of the nature of the allegations in the complaint. City of Albuquerque v. BPLW Architects & Engineers, Inc., 2009-NMCA-081 ¶ 9 (internal citation omitted). If the allegations on the face of the complaint are potentially or arguably within the scope of coverage, the insurer is obligated to defend. American Gen. Fire & Cas. Co. v. Progressive Cas. Co., 110 N.M.741, 744, 799 P.2d 1113, 1116 (1990). Here, the Court has found that the allegations in the complaint asserted a claim for trade dress.

"Whether an insurer has a duty to defend is determined by comparing the factual allegations in the complaint with the insurance policy." Lopez v. New Mexico Public Schools Ins. Authority, 117 N.M. 207, 209, 870 P.2d 745 (1994). Any doubts about whether the allegations are within policy coverage are resolved in favor of the insured. State Farm Fire & Cas. Co. v. Ruiz, 36 F.Supp.2d 1308, 1312 (D.N.M. 1999).

> If the allegations of the injured third party's complaint show that an accident or occurrence comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured. The question presented to the insurer in each case is whether the injured party's complaint states facts which bring the case within the coverage of the policy, not whether he can prove an action against the insured for damages. The insurer must also fulfill its promise to defend even though the complaint fails to state facts with sufficient clarity so that it may be determined from its face whether or not the action is within the coverage of the policy, provided the alleged facts tend to show an occurrence within the coverage.

Windham v. L.C.I.2, Inc., 2012-NMCA-001, ¶ 17.  In this case, the Court has also found that the insurance policy covered trade dress.  Since the complaint against the insured alleged trade dress infringement and the insurer covered trade dress, Travelers' contractual duty to defend Chase was triggered.

Travelers could have, but apparently chose not to, seek a declaratory judgment regarding whether it had a duty to defend.  See Foundation Reserve Ins. Co., Inc. v. Mullenix, 97 N.M. 618, 642, P.2d 604 (N.M. 1982) ("the insurer is under a duty to defend the insured in the primary action until the court finds that the insurer is relieved of liability. . . .  We believe this is the better rule because it prevents multiple suits. . . .").  The duty to defend continues until the insurer establishes that none of the claims are covered.  Lopez, 117 N.M. at 211, 870 P.2d at 749.  In this case, the Court established that at least one of the claims, trade dress infringement, is covered.

**TRAVELERS' CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. 29)**

Travelers filed its own motion for partial summary judgment (Doc. 29) and repeated, sometimes verbatim, the arguments made in the response to Chase's summary judgment motion.  The arguments concern the same four bases for Travelers' duty to defend Chase as were previously mentioned.  Chase responded by also repeating the arguments asserted its original motion.  There is nothing new in the cross-motion for the Court to consider.  While Chase disputes three facts as presented by Travelers in its motion (numbers 4, 6 and 10), those facts are not material to determining whether Travelers had a duty to defend Chase; the facts concern attorney communications and not the insurance policy or Sullivans' complaint against Chase.  Given the resolution of Chase's summary judgment motion on identical issues, Travelers' cross-motion for summary judgment is denied as moot.

THEREFORE,

IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment Regarding Defendant's Duty to Defend (Doc. 9) is GRANTED. Travelers' Cross-Motion for Partial Summary Judgment (Doc. 29) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE